UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAREDEVIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:12CV1166 TIA |
| | ) | |
| ZTE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on ZTE's Motion for Stay Pending the Conclusion of the Arbitration Between Daredevil, Inc., and ZTE USA, Inc.  (Doc. No. 21)  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  The motion is fully briefed and ripe for disposition.  Also pending are ZTE Corporation's Motion to Dismiss the First Amended Complaint for Lack of Proper Service and Lack of Personal Jurisdiction; Plaintiff's Motion for Extension of Time to File an Opposition to Defendant's Motion to Dismiss; and Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery.  For the reasons set forth below, the Court will grant Defendant ZTE Corporation's Motion to Stay.

This case stems from Plaintiff Daredevil, Inc.'s ("Daredevil") purchase of equipment from ZTE Corporation, incorporated under the laws of the People's Republic of China, to establish a cellular telephone network in the St. Louis, Missouri metropolitan area. (Pl.'s First Am. Compl. ¶¶ 5-14, ECF No. 6)  On or about September 25, 2008, Daredevil, ZTE Corporation, and ZTE USA, Inc. executed an agreement "specifying certain terms governing the purchase of equipment and cooperation between the parties."  (Id. at ¶ 14)  According to the Amended Complaint, ZTE Corporation breached this agreement by failing to timely deliver the equipment, causing Daredevil

to lose it's opportunity to develop a network in Missouri. (Id. at ¶¶ 23, 27) Plaintiff alleges breach of the Missouri Agreement, fraud, unjust enrichment, and tortious interference with contract against Defendant ZTE Corporation. (Id. at ¶¶ 35-70)

Plaintiff also filed suit against ZTE USA, Inc., alleging similar facts and causes of action. (No. 4:11CV1054 TIA, Pet. for Damages, ECF No. 3) On June 22, 2011, this Court Granted Defendant's Motion to Compel Arbitration and stayed the case pending the outcome, based on the arbitration clause contained in the agreement between Daredevil and ZTE USA. (Mem. and Order of 6/22/11, ECF No. 8)

Defendant ZTE Corporation now seeks to stay the present case pending the conclusion of the ongoing arbitration between Daredevil and ZTE USA. Defendant ZTE Corporation contends that Daredevil's claims against it are based upon the same claims against ZTE USA. Thus, Defendant argues that the Court should stay the litigation in the present case because the issues presented are the subject of the arbitration agreement and present arbitration proceedings between Daredevil and ZTE USA. The undersigned notes that the arbitration was scheduled for hearing beginning on March 4, 2013. (ZTE Corporation's Reply 1, ECF No. 29) Further, the case before this Court is one of five separate federal lawsuits filed by Daredevil and its affiliates against ZTE Corporation that are duplicate of the claims against ZTE USA in the pending arbitration. (Id. at 2) In three of the other pending federal suits, the courts have granted Defendant ZTE Corporation's motions to stay. See PTA-FLA, Inc. v. ZTE Corporation, Case No. 3:12-cv-1003-J-32TEM (M.D. Fla. Jan. 14, 2013) (Def. Ex. A, ECF No. 31-1); NTCH-WA, Inc. v. ZTE Corporation, Case No. 12-CV-3110-TOR (E.D. Wa. Jan. 14, 2013) (Def. Ex. C, ECF No. 31-3); and PTA-FLA, Inc. v. ZTE Corporation, Case No. 3:12-CV-2616-CMC (D.S.C. Jan. 28, 2013) (Def. Ex. A, ECF No. 32-1).

The undersigned finds that the case before this Court should also be stayed pending the conclusion of the arbitration between Daredevil and ZTE USA. Under 9 U.S.C. § 3, a court shall stay litigation where the issues are subject to an arbitration agreement. Further, "proceedings against parties and non-parties to the arbitration agreement are stayed pending the outcome of arbitration, when the action against the non-party is dependent upon interpretation of the underlying contract." Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, 526 (5th Cir. 2000) (citation omitted). In the present case, the agreement at issue is between Plaintiff Daredevil, Defendant ZTE Corporation, and ZTE USA. (Pl.'s First Am. Compl. ¶ 14, ECF No. 6) The alleged breach of this agreement is the very issue now being heard in arbitration. As aptly stated by the District Court for the Eastern District of Washington:

> In any event, even assuming that ZTE Corp. was actively involved in the underlying transactions, the record reveals that [plaintiff's] claims against ZTE Corp. in this case are very tightly intertwined with its claims against ZTE USA in arbitration. A close reading of the Complaint suggests that [plaintiff's] claims for fraud and tortious interference with contract both presuppose that ZTE USA breached the underlying contract between [plaintiff] and ZTE USA. Indeed, it is difficult for the Court to conceive of a scenario in which ZTE Corp. could be liable on these claims in the event that ZTE USA is absolved of any wrongdoing in the arbitration proceedings.

NTCH-WA, Inc. v. ZTE Corporation, Case No. 12-CV-3110-TOR (E.D. Wa. Jan. 14, 2013) (Order on Motion to Dismiss and Motion to Stay, Def. Ex. C 13-14, ECF No. 31-3).

The virtually identical facts and issues in the case against ZTE Corporation and the pending arbitration between Daredevil and ZTE USA warrants a stay of the present litigation. "If [ZTE Corporation] were forced to try the case, the arbitration proceedings would be both redundant and meaningless; in effect, thwarting the federal policy in favor of arbitration." Harvey v. Joyce, 199

F.3d 790, 796 (5th Cir. 2000).  Based on the foregoing, the Court will stay this case pending completion of arbitration proceedings.

  Accordingly,

  **IT IS HEREBY ORDERED** that ZTE's Motion for Stay Pending the Conclusion of the Arbitration Between Daredevil, Inc., and ZTE USA, Inc. (Doc. No. 21) is **GRANTED**.

  **IT IS FURTHER ORDERED** that the parties shall file a joint status report within ten days of a written decision regarding the outcome of the arbitration proceedings.  The Court will consider the additional pending motions after the conclusion of arbitration, if necessary.

                /s/ Terry I. Adelman
                UNITED STATES MAGISTRATE JUDGE

Dated this   3rd   day of  April , 2013.